David A. Bahr, OR Bar # 901990
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Tel: 541-556-6439
Email: davebahr@mindspring.com

Miles Johnson, OR Bar # 125773
Columbia Riverkeeper
407 Portway Avenue, Suite 301
Hood River, OR 97031
Tel: 541-490-0487
Email: miles@columbiariverkeeper.org

*Plaintiff's Attorneys*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA RIVERKEEPER,** an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>**UNITED STATES DEPARTMENT OF ENERGY,** an agency of the United States of America,<br><br>    Defendant. | Case No. 3:18-1544-AC<br><br>**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act Case<br>Administrative Procedure Act Case |

Plaintiff, Columbia Riverkeeper ("Riverkeeper"), alleges as follows:

## INTRODUCTION

1.      In this action, brought pursuant to the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552 *et seq.*, or, in the alternative, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, Riverkeeper challenges the unlawful acts of the Defendant United States

Department of Energy ("DOE") in relation to Riverkeeper's FOIA requests and appeal.

2.      In general, Riverkeeper is seeking information from DOE about greenhouse gas emissions, climate change, and federal financial assistance for a petrochemical manufacturing and export facility called the Kalama methanol refinery. The methanol refinery is proposed by a corporation called Northwest Innovation Works ("NWIW"), a subsidiary of the Chinese Academy of Sciences. That methanol refinery would be among the worst causes of greenhouse gas pollution in Washington State. The methanol refinery's export terminal would require dredging and in-water construction in federally designated Critical Habitat for endangered salmon and other species. By letter dated November 7, 2017, Riverkeeper sought this information from DOE by submitting a FOIA request.

3.      By letter dated April 12, 2018, Riverkeeper submitted to DOE a FOIA request that sought communications between DOE and NWIW, and other documents, bearing upon the validity of DOE's use of FOIA Exemptions 4 and 5 to withhold information responsive to Riverkeeper's previous FOIA requests regarding the Kalama methanol refinery.

4.      DOE has repeatedly failed to provide Riverkeeper with valid estimated completion dates for its FOIA requests, failed to make timely final determinations regarding Riverkeeper's FOIA requests, unlawfully withheld documents responsive to Riverkeeper's November 7, 2017, request, and failed to release any records responsive to the April 12, 2018 request.

5.      These and other failures amount to illegal, constructive withholding of records responsive to Riverkeeper's FOIA request and a pattern and practice of failing to comply with FOIA.

6.      Each of these failures violates FOIA or, in the alternative, the APA.

7.      Accordingly, Riverkeeper seeks a declaration from this Court that DOE has violated FOIA or, in the alternative, the APA. Riverkeeper also seeks an injunction from this Court that

directs DOE promptly to provide Riverkeeper with the requested records.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

**8.**     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment

Act, 28 U.S.C. § 2201, *et seq*.

**9.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides

venue in this District because Riverkeeper has offices in Hood River and Portland, Oregon.

Assignment is proper in the Portland judicial division for the same reasons.

**10.**    Declaratory relief is appropriate under 28 U.S.C. § 2201.

**11.**    Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).


## PARTIES

**12.**    Plaintiff COLUMBIA RIVERKEEPER is a non-profit public interest organization

incorporated in Washington State with approximately 16,000 members. Riverkeeper's principal

place of business is Hood River, Oregon. Riverkeeper's mission is to restore and protect the

Columbia River and all life connected to it, from the headwaters to the Pacific Ocean.

Riverkeeper regularly uses FOIA to obtain records from federal agencies, including DOE,

relating to proposals for development and other threats to habitat and water quality in the

Columbia River. Riverkeeper brings this action on its own behalf and on behalf of its members

and staff, who use and benefit from information Riverkeeper obtains through FOIA requests.

These interests of Riverkeeper have been harmed by DOE's failure to provide the records

Riverkeeper requested in a timely manner. These harms are traceable to DOE's conduct and

would be remedied by the relief sought in this action.

13.     Riverkeeper requested the records at issue in this action as part of Riverkeeper's ongoing efforts to improve government transparency and protect human and ecosystem health in the Columbia River basin. Because the information requested herein has not been publicly disclosed, its disclosure would significantly enhance public understanding concerning DOE's actions and the impacts of NWIW's proposal.

14.     Defendant DOE is an agency of the executive branch of the United States government, and has possession, custody, or control of the records sought by Riverkeeper. As such, DOE is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

15.     FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). The 20-business-day period commences on the date when the request is first received by the appropriate component of the agency, "but in any event not later than ten days after the request is first received by any component of the agency" that is designated in the agency's regulations to receive requests under FOIA. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A).

16.     Congress set forth the circumstances in which federal agencies may take longer than 20 business days to make the initial determination. First, the agency may toll the 20-business-day deadline for up to ten additional business days if the agency is waiting for information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I).

17.     Second, the agency may also toll the 20-business-day deadline for up to ten additional

business days if it needs to clarify with the requester any issues regarding fee assessment. 5

U.S.C. § 552(a)(6)(A)(ii)(II). If the agency faces "unusual circumstances," the agency may

extend the 20-business-day deadline if the agency sets forth in writing "the unusual

circumstances for such extension and the date on which a determination is expected to be

dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension may exceed 10 business days unless the

agency: (1) provides written notice to the requester explaining the "unusual circumstances"

requiring an extension; (2) establishes the date on which the agency expects to make the

determination; and (3) gives the requester "an opportunity to limit the scope of the request so that

it may be processed within that time limit or an opportunity to arrange with the agency an

alternative time frame for processing the request or a modified request." 5 U.S.C. §

552(a)(6)(B)(ii).

18.     Under FOIA, "unusual circumstances" are defined as "the need to search for and collect

the requested records from field facilities or other establishments that are separate from the office

processing the request[,]" or "the need to search for, collect, and appropriately examine a

voluminous amount of separate and distinct records which are demanded in a single request," or

"the need for consultations … with another agency having a substantial interest in the

determination of the request or among two or more components of the agency having substantial

subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19.     If the agency fails to meet FOIA's disclosure deadlines, including the deadline to

determine within 20 business days whether to respond to the request, the agency may not charge

the requester for the costs incurred in searching for or duplicating the requested documents

unless unusual or exceptional circumstances apply. 5 U.S.C. § 552(a)(4)(A)(viii).

20.    Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-business-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

21.    FOIA mandates that every federal agency "(A) establish a system to assign an individualized tracking number for each request received that will take longer than ten days to process and provide to each person making a request the tracking number assigned to the request; and (B) establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including: (1) the date on which the agency originally received the request; and (2) an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7).

22.    An agency may avoid disclosure of information responsive to a FOIA request only if the agency proves that the requested documents fall within one of the nine enumerated exemptions to the general disclosure requirement. *See* 5 U.S.C. § 552(b)(1)–(9). FOIA requires an agency withholding information responsive to a FOIA request to provide the requester with "the reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i).

23.    Consistent with encouraging disclosure, the exemptions under § 552(b) are discretionary, not mandatory. *Chrysler Corp. v. Brown*, 441 U.S. 281, 291 (1979). "Subsection (b), 5 U.S.C. § 552(b), which lists the exemptions, simply states that the specified material is not subject to the disclosure obligations set out in subsection (a). By its terms, subsection (b) demarcates the agency's obligation to disclose; it does not foreclose disclosure." *Id*. at 292.

24.    An agency bears the burden of proving that a requested document falls within one of the nine exemptions. *See Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992) ("Under FOIA,

'the burden is on the agency to sustain its action.'"); *Assembly of State of California v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) ("The government has the burden to prove that a requested document falls within one of FOIA's exemptions.").

25.     Given the policy behind FOIA, the federal courts have consistently refused to allow agencies to meet their burden of proving the requested documents fall within one of FOIA's exemptions by making conclusory and generalized allegations of confidentiality. "We repeat, once again, that conclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases." *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980); *see also Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990) ("The district court must determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts.").

26.     "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." *Anderson*, 907 F.2d at 941. DOE cannot simply redact entire records or pages if a small portion is subject to an exemption. *See Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions.") (quoting 5 U.S.C. § 552(b)). "[T]he exemptions to the FOIA do not apply wholesale. An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983).

27.     A U.S. district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

28.     If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

29.     Agency action arising under FOIA has also been subject to judicial review under the APA.

30.     Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).


## STATEMENT OF FACTS

31.     NWIW proposes building the world's largest facility for converting methane gas into methanol. NWIW proposes building its methanol refinery along the lower Columbia River near Kalama, Washington. Methanol produced at the Kalama methanol refinery would be shipped to China, where it could be made into plastic or burned as transportation fuel.

32.     NWIW's proposed methanol refinery would consume more methane gas (sometimes called "natural gas" or "fracked gas") than every gas-fired power plant in Washington State

combined. The methanol refinery would also be among the leading causes of greenhouse gas pollution in Washington State. The methanol refinery's export terminal would require dredging and in-water construction in federally designated Critical Habitat for endangered salmon and other species.

33.    NWIW asked DOE for a $2.017-billion loan guarantee to help finance the construction of the Kalama methanol refinery.

34.    On November 7, 2017, Riverkeeper filed a FOIA request seeking "all records in DOE's control related to NWIW's proposed Kalama methanol facility."

35.    DOE produced some documents responsive to that FOIA request but heavily or completely redacted much of the information contained in those documents, asserting FOIA Exemptions 4 and 5. Riverkeeper disagreed with DOE's use of FOIA Exemptions 4 and 5 to withhold responsive records.

36.    In addition to attempting to resolve that dispute through dialog with DOE, on April 12, 2018, Riverkeeper sent a follow-up FOIA request that sought information about DOE's justification for asserting FOIA exemptions 4 and 5 in response to the November 7, 2017, request.

37.    DOE responded via letter, dated April 18, 2018, acknowledging that DOE had received Riverkeeper's follow-up FOIA request on April 18, 2018, and assigning the FOIA request the tracking number HQ-2018-00971-F. DOE's letter did not provide an estimated completion date ("ECD") for follow-up FOIA request.

38.    On May 30, 2018, Riverkeeper informed DOE that the 20-business-day statutory time limit for making a determination on the follow-up FOIA request had expired. Riverkeeper also requested that DOE provide an ECD for responding to that FOIA request.

**39.**     On June 6, 2018, DOE provided an ECD of July 3, 2018, for the follow-up FOIA request.

**40.**     On July 13, 2018—having received neither the responsive documents nor a revised ECD—Riverkeeper again asked DOE for an ECD for the follow-up FOIA request.

**41.**     On July 20, 2018, DOE represented to Riverkeeper that DOE would provide an ECD for the follow-up FOIA request during the following week.

**42.**     As of the date of filing this amended complaint, DOE has not provided documents responsive to Riverkeeper's April 12, 2018, follow-up FOIA request or contacted Riverkeeper provide a revised ECD for that FOIA request.

**43.**     Riverkeeper did not administratively appeal DOE's failure to process Riverkeeper's follow-up FOIA request because DOE's Office of Hearings and Appeals previously informed Riverkeeper that DOE's failure to act on a request is not subject to administrative appeal.

**44.**     DOE violated FOIA by failing to make timely determinations about Riverkeeper's April 12, 2018, follow-up FOIA request.

**45.**     As of the date this amended complaint was filed, DOE is violating FOIA by not providing a valid ECD for Riverkeeper's April 12, 2018, FOIA request.

**46.**     Riverkeeper has contacted DOE on multiple occasions to inquire about the status of its April 12, 2018, FOIA request and to request ECDs for DOE's determination on this request. In so doing, Riverkeeper invoked 5 U.S.C. § 552(a)(7)(B)(ii).

**47.**     As of the date this amended complaint was filed, DOE has not provided Riverkeeper with a written notice setting forth any unusual circumstances that would justify extension of any of FOIA's deadlines, pursuant to 5 U.S.C. 552(a)(6)(B)(i) regarding Riverkeeper's April 12, 2018, FOIA request.

**48.**     DOE is overdue in its regulatory obligations to review and provide non-exempt

responsive records regarding Riverkeeper's April 12, 2018, FOIA request.

49.    By letter dated August 16, 2018, DOE issued a supplemental response to Riverkeeper's initial FOIA request of November 7, 2017. That response continued to withhold records, asserting FOIA Exemptions 4 and 5.

50.    By letter dated August 20, 2018, Riverkeeper appealed DOE's decision dated August 16, 2018.

51.    By a decision dated September 5, 2018, DOE denied Riverkeeper's appeal.

52.    This lawsuit is necessary to compel DOE to disclose all records that are responsive to Riverkeeper's FOIA requests.

53.    Riverkeeper's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

54.    No exceptional circumstances exist within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C), which would allow this Court to grant DOE more time to review and disclose requested records.

55.    DOE has not exercised due diligence in searching for and releasing records responsive to Riverkeeper's requests and appeal.

56.    The delays at issue in this case result from a predictable agency workload of FOIA requests and appeal. DOE has not made reasonable progress in reducing its backlog of pending requests.

57.    The circumstances in this case raise questions about whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue.

58.    Based on the nature of Riverkeeper's professional activities, Riverkeeper will continue to employ FOIA's provisions in information requests to DOE in the foreseeable future.

Riverkeeper's professional activities will be adversely affected if DOE is allowed to continue

violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of

Riverkeeper's legal rights by this Court, DOE will continue to violate Riverkeeper's right to

receive public records under FOIA.

59.     Riverkeeper has been required to expend costs and to obtain the services of attorneys to

prosecute this action.


## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: UNLAWFUL, CONSTRUCTIVE DENIAL OF FOIA REQUEST AND WITHHOLDING OF INFORMATION

60.     Riverkeeper hereby incorporates by reference the allegations in the preceding paragraphs.

61.     Riverkeeper has a statutory right to the records it seeks, which are "agency records"

within the meaning of FOIA, and there is no legal basis for DOE to assert that any of FOIA's

nine disclosure exemptions apply to the records requested. *See* 5 U.S.C. § 552(b)(l)–(9).

62.     DOE violated Riverkeeper's rights under FOIA by failing to comply with the Act's

decision deadlines, failing to make determinations on Riverkeeper's FOIA request, and thus

constructively withholding information responsive to Riverkeeper's FOIA request.

63.     Based on the nature of Riverkeeper's professional activities, it will continue to employ

FOIA's provisions in information requests to DOE in the foreseeable future.

64.     Riverkeeper's professional activities will be adversely affected if DOE is allowed to

continue violating FOIA's disclosure provisions as DOE has in this case.

65.     Unless enjoined and made subject to a declaration of Riverkeeper's legal rights by this

Court, DOE will continue to violate the rights of Riverkeeper to receive public records under

FOIA.

**66.**    Riverkeeper is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT II**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTION**

**67.**    The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**68.**    Plaintiff has a statutory right to the records it seeks, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendant DOE to assert that any of the FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**69.**    Defendant DOE violated Plaintiff's rights under FOIA by unlawfully withholding information responsive to Plaintiff's FOIA request and appeal based on an overly broad application of FOIA's exemptions to mandatory information disclosure. Specifically, Defendant has unlawfully withheld information responsive to Riverkeeper's information request under a claim that FOIA's Exemptions 4 and 5 precludes its public disclosure.

**70.**    Based on the nature of Plaintiff's professional activities, it will continue to employ FOIA's provisions in information requests to Defendant DOE in the foreseeable future.

**71.**    Plaintiff's professional activities will be adversely affected if Defendant DOE is allowed to continue to violate FOIA's disclosure provisions as it has in this case.

**72.**    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant DOE will continue to violate the rights of Plaintiffs to receive public records under FOIA.

**73.**    Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs

pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### DECISION DEADLINE VIOLATIONS

**74.**    Riverkeeper hereby incorporates by reference the allegations in the preceding paragraphs.

**75.**    Riverkeeper has a statutory right to have DOE process its FOIA request in a manner that complies with FOIA. DOE violated Riverkeeper's rights in this regard when DOE failed to make a determination on Riverkeeper's FOIA request by the deadlines imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(A)(ii).

**76.**    DOE is unlawfully withholding public records sought by Riverkeeper, records which are "agency records" within the meaning of FOIA, to which Riverkeeper is entitled, and for which no valid disclosure exemption applies.

**77.**    Based on the nature of Riverkeeper's professional activities, it will continue to employ FOIA's provisions in information request to DOE in the foreseeable future.

**78.**    Riverkeeper's professional activities will be adversely affected if DOE is allowed to continue violating FOIA's decision deadlines.

**79.**    Unless enjoined and made subject to a declaration of Riverkeeper's legal rights by this Court, DOE will continue to violate the rights of Riverkeeper to have its information requests and appeals processed as required by FOIA.

**80.**     Riverkeeper is entitled to reasonable costs of litigation, including attorneys' fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT IV

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL
### COMPLETE ACTION ON PLAINTIFF'S FOIA REQUESTS AND APPEAL

**81.**    FOIA requires federal agencies to provide the requester with information about the status

of the agency's response to the request, including an estimated date on which the agency will

complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

**82.**     DOE has repeatedly violated, and continues to violate, FOIA by failing to provide

Riverkeeper with a valid estimated date of completion for Riverkeeper's FOIA request.

**83.**     Riverkeeper is entitled to reasonable costs of litigation, including attorneys' fees,

pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT V**

**(In the alternative to Counts I through III)**

**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT:**
**FAILING TO COMPLY WITH FOIA IN RESPONDING TO**
**RIVERKEEPER'S FOIA REQUESTS**

**84.**     Riverkeeper hereby incorporates by reference the allegations in the preceding paragraphs.

**85.**     DOE has failed to act in an official capacity under color of legal authority by failing to

comply with the mandates of FOIA consequent to DOE's failure and refusal to: (1) issue a timely

final determination on Riverkeeper's FOIA requests; and (2) provide Riverkeeper with valid

estimated completion dates for its requests.

**86.**     Riverkeeper has been adversely affected and aggrieved by DOE's failure to comply with

the mandates of FOIA. DOE's failure and refusal to: (1) issue a timely final determination on

Riverkeeper's FOIA requests; and (2) provide Riverkeeper with valid estimated completion dates

for its requests have injured Riverkeeper's interests in public oversight of governmental

operations and constitute a violation of DOE's statutory duties under the APA.

**87.**     Riverkeeper has suffered a legal wrong resulting from DOE's failure to comply with the

mandates of FOIA. DOE's failure and refusal to: (1) issue a timely final determination on

Riverkeeper's FOIA request; and (2) provide Riverkeeper with valid estimated completion dates

for its request have injured Riverkeeper's interests in public oversight of governmental

operations and constitute a violation of DOE's statutory duties under the APA.

**88.**     DOE's failure and refusal to: (1) issue a timely final determination on Riverkeeper's

FOIA request; and (2) provide Riverkeeper with valid estimated completion dates for its request

constitute agency action unlawfully withheld and unreasonably delayed and are therefore

actionable pursuant to the APA, 5 U.S.C. § 706(1).

**89.**     Alternatively, DOE's failure and refusal to: (1) issue a timely final determination on

Riverkeeper's FOIA request; and (2) provide Riverkeeper with valid estimated completion dates

for its request violate FOIA and are therefore arbitrary, capricious, or an abuse of discretion and

not in accordance with law and actionable pursuant to the APA, 5 U.S.C. § 706(2).

**90.**     Riverkeeper is entitled to judicial review under the Administrative Procedure Act, 5

U.S.C. §§ 702, 706.

**91.**     Riverkeeper is entitled to costs of disbursements and costs of litigation, including

reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. §

2412.

### REQUESTS FOR RELIEF

WHEREFORE, Riverkeeper requests that this Court:

**1.**     Adjudge and declare that DOE has violated FOIA for the reasons set forth above;

**2.**     Order DOE to comply immediately with FOIA by providing Riverkeeper all non-exempt

public records responsive to Riverkeeper's FOIA requests and appeal;

**3.**     Declare that DOE has engaged in an unlawful pattern or practice of violating FOIA when

responding to Riverkeeper's FOIA requests;

**4.**     Enjoin DOE from continuing that unlawful pattern or practice of violating FOIA when

responding to Riverkeeper's FOIA requests;

**5.**    Award Riverkeeper its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C.

§ 552(a)(4)(E) and/or award Riverkeeper its reasonable fees, expenses, costs, and disbursements,

including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28

U.S.C. § 2412;

**6.**    Grant such further and additional relief as Riverkeeper may from time to time request or

this Court deems just and proper.

Respectfully submitted for the Court's consideration, this 16th day of October, 2018.


/s/_David A Bahr____
David A. Bahr, OR Bar No. 90199
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Tel: 541-556-6439
Email: davebahr@mindspring.com

/s/ Miles Johnson_____
Miles Johnson, OR Bar # 125773
Columbia Riverkeeper
407 Portway Avenue, Suite 301
Hood River, OR 97031
Tel: 541-490-0487
Email: miles@columbiariverkeeper.org